IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**VICTOR CHAVEZ,**<br><br>        **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-CR-117-DAK-DBP<br><br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant Victor Chavez's Motion for Review of Detention. Defendant seeks reconsideration and revocation of his order of detention pursuant to 18 U.S.C. § 3145. Defendant seeks pretrial release to the Odyssey House for participation in a drug treatment program. On June 11, 2024, the court held a hearing on the detention appeal. At the hearing, Defendant was present and represented by his counsel Jacob S. Taylor, and the United States was represented by Kelsy B. Young. This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's pretrial detention or release. Being fully advised, the court issues the following Memorandum Decision and Order.

BACKGROUND

Defendant is charged with distribution of methamphetamine and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, with a 20-year maximum term of imprisonment. On April 24, 2024, Defendant had an initial appearance before Magistrate Judge Pead, and a detention hearing was set for the next week. At the conclusion of the detention hearing, Magistrate Judge Pead detained Defendant, finding that no release condition would reasonably assure the safety of any other person and the community.

Since Magistrate Pead's detention decision, Defendant has been accepted into the Odyssey House's in-patient drug treatment program. Therefore, he seeks pretrial release to participate in that program.

Under the District of Utah's General Order 20-010, motions under § 3142(i) will be reviewed by the magistrate judge who first ordered detention while appeal can then be taken to the district judge under § 3145(b). In this case, Defendant's motion seeks review of Magistrate Judge Pead's detention order under § 3145. "The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Accordingly, this court will address Defendant's motion in the first instance.

## ANALYSIS

Under 18 U.S.C. §3142(f), in determining detention, the court considers "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." The relevant factors to consider in making that determination are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the charged offense, the weight of the evidence against the person, the history and characteristics of the person, family ties, employment, length of residence in the community, drug abuse, criminal history, and the nature and seriousness of the danger to any person or the community posed by the person's release. *See id.* § 3142(g). The parties agree that Defendant is not a flight risk.

Because of the controlled substance offense charged in this case, a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the

2

safety of any other person and the community" if the court finds "probable cause to believe that the defendant committed" the charged offense. *Id.* § 3142(e)(3).

In this case, Defendant argues that he was a minor participant in the drug operations, and he took instruction from his then-girlfriend, who was more heavily involved. However, wiretaps caught Defendant's conversations with not only his girlfriend but drug suppliers as well. While he may have had a lesser role, there is a question as to whether his activities could be considered minor.

With respect to Defendant's history and characteristics, Defendant has a lengthy criminal history, dating back many years. Defendant has a string of misdemeanor convictions and only one prior felony conviction. But the series of assault convictions is troubling, and those combined with his history of drug abuse, demonstrate that Defendant poses a danger to members of the public.

While the court believes that a drug treatment program would be beneficial to Defendant because of his history of drug abuse, Odyssey House is not a lock-down facility. Defendant could leave the facility at any time and pose a danger to the community. A GPS monitor is a deterrent to leaving, but he could simply remove it and leave. The treatment program can be a difficult experience and it does not have the ability to prevent Defendant from leaving. Therefore, the court concludes that the voluntary treatment program and a GPS monitor would not adequately manage Defendant's potential danger to the community posed by his repeated convictions and history of drug use.

While Defendant has serious medical conditions and takes several medications, there is no assertion that, apart from his CPAP machine for sleeping, that he is not being given the medications he needs. There is no indication that his condition will become more acute in

3

detention.  Some of his health issues are brought on or exacerbated by drug use, which he will not be engaging in while detained.  And, although he is unable to see his doctors during his detention, there are medical services at the facility if he needs them.  At this point, the court does not believe his health conditions alone warrant release.  However, if serious issues arise in the future, Defendant may raise such changed circumstances in a motion for reconsideration.

After a full consideration of the § 3142 factors, the court concludes that no combination of release conditions will assure the safety of the community.  Accordingly, the court denies Defendant's motion for review of detention.

DATED this 12th day of June 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge